UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANEL, INC., | ) |
|        Plaintiff, | ) ) ) |
|     v. | ) Case No. 2:14-cv-00304 ) ) |
| CHANEL'S SALON, LLC and CHANEL JONES, | ) ) ) |
|        Defendants. | ) ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel"), by its undersigned attorneys, for its Complaint against defendants Chanel's Salon, LLC and Ms. Chanel Jones (collectively, "Defendants") alleges as follows:

**Nature Of The Action**

1. Chanel is an iconic fashion and beauty company whose products are sought the world over. This action arises out of Defendants' commercialization of the famous CHANEL trademark for their beauty salon business, which conduct constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and trademark infringement and unfair competition under the common law of Indiana. Chanel seeks injunctive relief to protect the CHANEL trademark and such other relief as the Court deems just and proper.

{F1502708.1 }

**Parties**

2. Plaintiff Chanel, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.  Chanel has exclusive rights in and to the federally registered CHANEL trademark and to the Chanel trade name, which is used on products sold throughout the United States.

3. Upon information and belief, Defendant Chanel's Salon, LLC ("Chanel's Salon"), is an Indiana limited liability company with a principal place of business at 411 West 81st Avenue, Merrillville, Indiana 46410.

4. Upon information and belief, Defendant Chanel Jones is an individual and resident of Indiana and resides at 7710 Grant Street, Unit C, Merrillville, Indiana 46410.  Upon information and belief, Ms. Jones is the owner of Chanel's Salon and is responsible for and controls the business of Chanel's Salon.

**Jurisdiction And Venue**

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a).  The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendants because Defendants reside in and continuously and systematically conduct, transact and solicit business in this State and District.

7. Venue is proper in this district pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction in this district due to

their transacting of business herein, because Defendants have substantial contacts with this district, because Defendants reside in this district, and because a substantial portion of the events at issue have arisen and will arise in this judicial district and Chanel is suffering harm in this judicial district.

## Facts Common To All Claims For Relief

A.   Chanel's Business and Use of the CHANEL Mark

8.   Chanel is a premier manufacturer and seller of a wide variety of luxury consumer products, and is a recognized leader in the fields of fashion and beauty.

9.   For over 85 years, Chanel has used CHANEL as a trade name, house mark and trademark to identify its goods and business and to identify the source of its products and services. The CHANEL name and mark is one of the most recognized and famous marks in the world, has become synonymous with Chanel, and serves to designate exclusively Chanel's very business, as well as its goods and services.

10.   Among the goods and services for which Chanel is particularly well known are those related to beauty and fragrance. Such goods include dozens of cosmetics, fragrances, and skin care products, and its services include beauty consultation services, such as makeup application and skin care treatments, which are provided to consumers at the point of sale by Chanel-trained specialists. With respect to hair and hair care, Chanel's goods include hair accessories, such as barrettes and hair clips, and a men's shower gel for cleaning hair.

11.   Chanel sells its products through both its own free-standing Chanel-operated boutiques and through various department store and specialty stores in the United States. Chanel's fragrance, beauty and optical products are sold in more than 1,000 department and

specialty store outlets in the U.S., including in Indiana.  These products are renowned for their high quality and are identified and recognized by the use of the CHANEL mark.

12.   Chanel has built the value of the CHANEL mark through sales of millions of dollars of products bearing the CHANEL mark, through the provision of services under the CHANEL mark, and through global marketing and promotional activities over a period of more than 85 years.

13.   Chanel has spent hundreds of millions of dollars to advertise and promote its goods extensively.  Chanel advertises its products, brand, services and image in all available media including television, radio, print publications, the Internet and through special events, including fashion shows that are regularly covered by the world media.  In 2013 alone, Chanel spent over $50 million dollars on advertising in the U.S., all of which prominently featured the CHANEL mark.

14.   In addition to Chanel's own advertising efforts, CHANEL-branded products frequently are the subject of fashion and beauty editorials in magazines and on television.  This coverage reaches hundreds of millions of consumers.  As a result, the CHANEL mark has come to be recognized and associated exclusively with products and services from Chanel.

15.    In addition to its common law rights in the CHANEL mark, Chanel owns the following federal trademark registrations, among many others, for use in connection with beauty-related goods and services:

| MARK | Registration Number | Date of Registration | Goods/Services |
| --- | --- | --- | --- |
| CHANEL* | 302,690 | 4/25/33 | Soap |
| CHANEL* | 510,992 | 6/14/49 | Perfume, eau de toilette, eau de cologne, face powder, bath powder, lipsticks |

{F1502708.1 }

4

| CHANEL* | 1,263,845 | 1/10/84 | Retail store services in the field of clothing and accessories |
| CHANEL* | 1,348,842 | 7/16/85 | Full line of perfumery, cosmetics and toiletries |
| CHANEL* CC | 1,464,711 | 11/10/87 | Barrettes, hair clips, hair bands, hair bows, artificial flowers |
| CHANEL* | 1,559,404 | 10/3/89 | Providing consulting services in the field of make-up, skincare and fragrance, and providing facial treatments and makeup applications |
| CHANEL* | 1,660,866 | 10/15/91 | Make-up brushes |
| CHANEL* | 3,134,695 | 8/29/06 | Hair accessories, namely, barrettes |
| CC | 4,105,557 | 2/28/12 | Retail store and on-line retail store services featuring perfumery, cosmetics and skin care preparations |

All of the listed registrations are valid, subsisting, and in full force and effect, and serve as *prima facie* evidence of Chanel's ownership of the listed marks and its exclusive right to use each of the marks. In addition, all of the registrations marked with an asterisk are incontestable as to all goods and services listed therein under Section 15 of the Lanham Act, 15 U.S.C. § 1065, meaning that the registrations are conclusive evidence of Chanel's exclusive right to the registered marks in commerce on or in connection with the goods or services stated in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). Printouts from the United States Patent and Trademark Office's online database reflecting the registrations identified above are attached as **Exhibit A**.

16.     The fame and recognition of the CHANEL mark has been noted in numerous surveys that rank CHANEL among the most recognizable brands in the United States. By way of

example only, in 2012, *Women's Wear Daily* ranked Chanel as the eighth most-recognized designer brand, just after Louis Vuitton and before Dolce & Gabbana and Giorgio Armani, among others, and that same year, *Women's Wear Daily* also ranked Chanel in the top 10 beauty brands. In 2013, Chanel was listed again in *Women's Wear Daily* as being in the top 10 of the top 100 beauty brands. In 2014, *Women's Wear Daily* ranked Chanel second in its listing of the top 20 performing beauty brands on social media.

17. U.S. courts and administrative tribunals have held the CHANEL mark to be famous and distinctive. By way of example only, as recently as May 2014, the Trademark Trial and Appeal Board of the United States Patent and Trademark Office held that the CHANEL mark "enjoys widespread recognition among the general public and is a 'household name' synonymous with high fashion and style . . . and is therefore famous for dilution purposes." *See Chanel, Inc. v. Jerzy Makarczyk*, Opp. No. 91/208352 (T.T.A.B. May 27, 2014).

18. Because of Chanel's exclusive and extensive use of the CHANEL mark, the CHANEL mark has acquired enormous value and has become famous among the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of products available under or bearing the mark.

B.   Defendants' Conduct

19. Upon information and belief, Defendants own and operate a beauty salon in this judicial district.

20. Upon information and belief, in and around October 2012, and long after Chanel's CHANEL mark became famous, Defendants began using in commerce in connection with their beauty salon the trade names CHANEL'S SALON and/or CHANEL'S COSMETOLOGY SALON (collectively, the "Infringing Names").

21. According to advertising and promotion for Chanel's Salon, the salon offers, *inter alia*, "haircuts," "perms," "updos," "eyelashes," "highlights," "sew-in extensions," "make-up" and "facial waxing."

22. Defendants have no association with Chanel and have never been authorized by Chanel to use or exploit the CHANEL mark commercially or for any purpose.

23. The beauty salon services offered by Defendants are related to the goods and services offered by Chanel under the CHANEL mark. Specifically, Chanel offers various beauty-related products and services under its CHANEL mark, including cosmetics, beauty consultation services, and hair accessories.

24. At the time Defendants began using the Infringing Names in connection with their beauty salon business, the CHANEL trademark was federally registered, had been held to be famous by U.S. courts and administrative tribunals, and was distinctive as a matter of law. Under the law, Defendants are presumed to have been on notice of Chanel's pre-existing rights to the CHANEL mark prior to their adoption of the Infringing Names. Upon information and belief, Defendants also were on actual notice of Chanel's pre-existing rights to the CHANEL mark prior to their adoption of the Infringing Names.

25. Upon information and belief, Defendants' adoption and continued use of the Infringing Names is with full knowledge of Chanel's exclusive rights to the CHANEL mark, with knowledge of the tremendous fame and reputation of the CHANEL mark, and with knowledge that the CHANEL mark is associated exclusively with products and services of Chanel.

26. Chanel recognizes the fact that "Chanel" is the first name of Defendant Chanel Jones. But this suit is not about Ms. Jones' ability to use her name to identify herself. Ms.

{F1502708.1 }

Jones is using CHANEL as a trade name for a beauty business and commercially exploiting the name CHANEL.  There is no absolute right to exploit one's given name commercially if such use is inconsistent with Chanel's rights.  In this case, Ms. Jones is not using her entire name but is instead only using that part of her name that copies Chanel's famous CHANEL trademark.  Ms. Jones' use began long after the CHANEL mark was registered and became famous, and Ms. Jones' use is in connection with services related to those offered by Chanel.

27.   Chanel, as a business owner and the owner of a world renowned trademark that represents enormous goodwill and that is a significant asset of the company, must act to protect its famous name and mark from infringement and dilution.

28.   In an attempt to avoid litigation over one year ago, on July 24, 2013, Chanel sent Defendants a cease-and-desist letter advising Defendants of Chanel's rights in the CHANEL mark and requesting that Defendants change the name of Chanel's Salon to a name that did not include the word CHANEL.  Defendants never responded to this letter.

29.   During the period from August 12, 2013 until the filing of this lawsuit, Chanel sent four additional follow-up letters to Defendants in an attempt to resolve this dispute without litigation and attempted to discuss the matter with Ms. Jones.  Ms. Jones refused all attempts to resolve the dispute, leaving Chanel with no option but to file suit.

30.   Defendants' unauthorized use of the Infringing Names for their beauty salon business allows Defendants to capitalize on the fame, recognition, and goodwill of Chanel's CHANEL mark and to create initial interest confusion by creating a false impression that Chanel is the source of or somehow sponsors Defendants' services.

31.   Defendants' acts will injure Chanel's goodwill and reputation.  The use by Defendants of the Infringing Names wrests from Chanel control over its trademark and

reputation. Chanel has no control over the quality of Defendants' services. As a result, Chanel's extremely valuable reputation will be permanently damaged. If Defendants' conduct is not enjoined, it will greatly injure the value of Chanel's CHANEL mark and the ability of the CHANEL mark to indicate goods and services emanating from a single source, namely Chanel.

## COUNT I
## **FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))**

32. Chanel repeats and realleges paragraphs 1 through 31 above as if fully set forth herein.

33. As a result of extensive use and promotion of the CHANEL mark and the goods offered thereunder by Chanel for decades, the CHANEL mark is famous throughout the United States, is highly distinctive of Chanel's goods and is widely recognized among the consuming public as a designation of source of Chanel's goods. The CHANEL mark became famous long before Defendants commenced their unauthorized use of the Infringing Names as described herein.

34. The Defendants' commercial use of the Infringing Names in connection with their beauty salon services is diluting Chanel's famous CHANEL mark by impairing the distinctiveness of the CHANEL mark, thereby lessening the capacity of that mark to identify and distinguish Chanel exclusively in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

35. Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, the CHANEL mark and cannot assert any rights in the CHANEL mark that are prior to Chanel's.

36. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to damage Chanel unless enjoined by this Court. Chanel has no adequate remedy at law.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

37. Chanel repeats and realleges each of the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

38. Defendants' unauthorized use of the Infringing Names for services related to those provided by Chanel under the CHANEL Mark is likely to cause confusion, or to cause mistake or to deceive Defendants' customers, potential consumers, and/or the public as to the source or sponsorship of Defendants' services. Defendants' conduct creates initial interest confusion by creating a false impression that Chanel is the source of or somehow sponsors Defendants' services.

39. Upon information and belief, Defendants were on both actual and constructive notice of Chanel's exclusive rights in the registered CHANEL mark prior to their own use of the Infringing Names.

40. Defendants have no right, license or authority from Chanel to use the CHANEL mark or any other mark confusingly similar thereto.

41. Defendants' acts constitute infringement of Chanel's federally-registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and, unless enjoined by this Court, will continue to both damage Chanel and deceive the public. Chanel has no adequate remedy at law.

## COUNT III
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

43.  Chanel repeats and realleges paragraphs 1 through 31 above as if fully set forth herein.

44.  Defendants' use of the Infringing Names constitutes a false designation of origin and a false representation with respect to the origin of Defendants' services.  Defendants' use of the Infringing Names is likely to cause confusion, mistake, or deception as to the source of Defendants' services and is likely to create the false impression that Defendants are affiliated with Chanel or that their services are authorized, sponsored, endorsed, licensed by, or affiliated with Chanel.

45.  Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.  Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue both to damage Chanel and to deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

## COUNT IV
## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION UNDER INDIANA COMMON LAW

47.  Chanel repeats and realleges paragraphs 1 through 31 above as if fully set forth herein.

48.  Defendants have used the CHANEL mark with knowledge of Chanel's prior rights in the CHANEL mark and of the fame and success of Chanel's products sold under and bearing that designation.  Defendants' use of Chanel's mark is likely to cause confusion and mistake among the public as to the nature and origin of Defendants' services in violation of Chanel's rights under the common law of the state of Indiana.

49. Upon information and belief, Defendants were on notice of Chanel's exclusive rights in the CHANEL mark before adopting the Infringing Names by virtue of Chanel's open sale and use of the CHANEL mark and by virtue of Chanel's numerous federal trademark registrations for the CHANEL mark.  By using Chanel's CHANEL mark without authorization, Defendants have been unjustly enriched and Chanel has been damaged.

50. The aforesaid conduct of Defendants constitutes unfair competition and trademark infringement under the common law of the State of Indiana.

51. Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and to deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**WHEREFORE**, Plaintiff Chanel, Inc. respectfully demands judgment as follows:

1)   That a permanent injunction be issued enjoining Defendants jointly and severally, and any of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of the Defendants, from:

> (a) imitating, copying or making unauthorized use of the mark CHANEL, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the mark CHANEL (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods,

businesses or services offered by Defendants or the advertising or promotion thereof;

(b) using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendants or any individual, entity or other third party affiliated with Defendants;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendants;

(d) applying to register or registering in the United States Patent and Trademark Office, in any state trademark registry, any mark consisting in whole or in part of the CHANEL mark, or consisting in whole or in part of any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the CHANEL mark or otherwise taking any other action designed to give Defendants any claim of rights in or to the CHANEL mark;

(e) using a Prohibited Mark in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or the provision of any goods or services;

(f) using in any manner in a business or in connection with any products, services or business, or the advertising or promotion thereof, directly or indirectly, a Prohibited Mark in such a fashion as to dilute or tend to dilute the distinctive quality of Plaintiff's CHANEL mark;

(g) engaging in any other activity constituting unfair competition with Chanel, constituting an infringement of the CHANEL mark; or

(h) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2) That Defendants be directed to file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

3) Awarding to Chanel such other and further relief as the Court may deem just and proper.

Dated: August 29, 2014

CHANEL, INC.
By Its Attorneys:

*/s/ Gregory A. Neibarger*
Gregory A. Neibarger
BINGHAM GREENEBAUM DOLL, LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
gneibarger@bgdlegal.com
Tel: (317) 968-5579
Fax: (317) 236-9907

Barbara A. Solomon   *Of Counsel*
Jason D. Jones   *Of Counsel*
FROSS ZELNICK LEHRMAN & ZISSU P.C.
866 United Nations Plaza
New York, NY  10017
bsolomon@fzlz.com
jjones@fzlz.com
Tel. (212) 813-5900
Fax. (212) 813-5901

*Attorneys for Plaintiff Chanel, Inc.*